By the Court.—Freedman, J.
At the trial, the complaint of the plaintiff was dismissed on the ground that it did not state facts sufficient to constitute a cause of action. The action was brought against thrée defendants who theretofore constituted the parties to an action which the plaintiff, as the attorney for. Charles H. Neill and Henry C. Neill, had brought against Van Wagenen in 1875.
The complaint in the case at bar in substance is as follows, viz.:
1. That the defendants, Neill, had a cause of action on contract against the defendant, Van Wagenen, for $10,000. 2. That the action on this claim was in suit, and plaintiff was the Neills’, attorney in that action. 3. That *487 by parol agreement the Neills agreed to pay or give Eandall one half of their claim or of the money therein, for his services, and also to give him a lien for other services, and for advances made and to be made, amounting in all to about $2,500,. and that they made a parol assignment of their claim to plaintiff. 4. That notice of this claim and this assignment was given to defendant, Van Wagenen. 5. That after this notice, the defendants, Van Wagenen and Neill, fraudulently conspired together to defraud the plaintiff by settling the claim; and that in September, 1877, in consideration of $800 paid by Van Wagenen, said Neills gave a writing acknowledging the settlement of the claim, and a consent that the action be discontinued without costs, and that thereafter an order of discontinuance was entered, and the action thereby discontinued in fraud of plaintiff’s rights. 6. That thereby he lost the amount of his one half interest in the claim, and the benefit of his collateral security.
Upon these allegations, the plaintiff claims damages in the sum of $10,000.
The difficulty with this complaint is that the damages claimed did not flow from the facts alleged. The settlement and discontinuance were good between the parties only. As against the plaintiff, they were irregular, and he might have applied to have them set aside. True, under the law as it stood in 1877, he had no lien upon the cause of action by virtue of his relation as attorney. Nevertheless, if he had moved promptly, the court would have set aside the order of discontinuance, and permitted him to go on with the action on the ground that the settlement and the discontinuance were fraudulent as against him as attorney of record.
Moreover, the plaintiff held an absolute assignment of the cause of action, and Van Wagenen had notice of it. As such assignee, the plaintiff might have brought a new action against Van Wagenen in his own name, and Van Wagenen would have had no defense to it *488 except such as he had to the original action. The discontinuance determined nothing against the plaintiff.
For the considerations stated, the damages alleged cannot be deemed to have resulted from the settlement and the discontinuance, and there is no allegation that they resulted from any other cause. There is not even an allegation of damage resulting from the delay caused by the discontinuance. The complaint is therefore clearly insufficient.
The views so far expressed render it unnecessary to determine the further question whether the action as brought is maintainable as one for conspiracy and fraud.
The complaint was properly dismissed, and the judgment should be affirmed with costs.
O’Gobman, J., concurred.